UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK HOWARD, JR.,

    Plaintiff,

        v.                       CAUSE NO. 3:21-CV-10-RLM-MGG

ANGLE, et al.,

    Defendants.

OPINION AND ORDER

Mark Howard, Jr., a prisoner without a lawyer, filed a complaint alleging that officers at the Miami Correctional Facility used excessive force against him and failed to protect him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A.

On October 30, 2019, Mr. Howard was assigned to be moved to B housing unit. He responded that he couldn't go to that unit because he feared for his life if placed there. A different housing assignment was arranged, but two officers came the next dat to escort him to B unit. He again explained that he feared for his life because there were members of the Vice Lords gang in that unit that had threatened to rob,

rape, and kill him. Before the transport was complete, an incident occurred with Officer Dillman and Sergeant Hinds. Mr. Howard has a separate lawsuit against them for their actions on October 31, 2020. *See Howard v. Dillman*, 3:20-CV-450-RLM-MGG. He was injured and taken to the medical department. In the medical department, Mr. Howard again explained that he feared for his life if placed in B housing unit because gang members were threatening him. The medical staff called Lieutenant Beamer and told him what was happening. Mr. Howard relayed his information to L. Johnson and Unit Team Manager Angle: he told them that offender Mark Williams had beaten him up before, that members of the gang had extorted him, and that members of the gang would rob, rape, and kill him if they ever caught him. He also indicated that the inmates had just watched officers choke him out, and that this was likely to further provoke harm. Mr. Howard wasn't offered a protective custody form. Instead, Team Manager Angle told Mr. Howard that he was lying, and that he was going to go to that housing unit so Team Manager Angle hoped Mr. Howard could fight.[1]

Lieutenant Snow told him to stand up. Mr. Howard refused because he was afraid. Lieutenant Snow threatened to use a Taser on him. After two and a half hours

---

[1] Mr. Howard suggests that Team Manager Angle was retaliating against him for filing a grievance against him at some point in the past. "To prevail on his First Amendment retaliation claim, [Mr. Howard] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Howard doesn't indicate when he filed the grievance, what the nature of the grievance was, or why he believes that there was a link between the filing of the grievance and Team Manager Angle's actions on October 31, 2019. Because Mr. Howard has not alleged facts demonstrating that the filing of a grievance was a motivating factor in the decision not to respond to his need for protection, he cannot proceed on this claim.

of deliberation, Mr. Howard still refused to go willingly, and was taken to the new housing unit in a gurney by three officers and Lieutenant Snow. Immediately upon arrival, inmates made threats to rob, rape, and kill Mr. Howard. These threats were made loud enough for the guards to hear. "You bring him in here we going to beat his ass." ECF 1 at 3. The guards did nothing, claiming that, because Lieutenant Beamer authorized the move, there was nothing they could do.

The next day, at recreation, inmates entered Mr. Howard's cell, beat him, and told him that he needed to send money, or he would be beat up every day. He reported this to the floor officer, and he was told to write a grievance. He wrote a grievance but got no response. He ended up paying the fee to avoid being beaten. But he was beaten again on November 19, 2021. Finally, on December 15, 2019, after his mother placed a call to the Commissioner, Mr. Howard was moved.

Mr. Howard asserts that Team Manager Angle, Lieutenant Beamer, and Lieutenant Snow each failed to protect him. When one is attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. Klebanowski v. Sheahan, 540 F.3d 633, 639–640 (7th Cir. 2008). By contrast, "a complaint that identifies a specific, credible, and imminent risk of serious

3

harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." Gevas v. McLaughlin, 798 F.3d 475, 481 (7th Cir. 2015). "Even if an official is found to have been aware that the plaintiff was at substantial risk of serious injury, he is free from liability if he responded to the situation in a reasonable manner." Fisher v. Lovejoy, 414 F.3d 659, 664 (7th Cir. 2005). Giving Mr. Howard the benefit of the inferences to which he is entitled at this early stage of the case, he has stated a claim upon which relief can be granted against Team Manager Angle, Lieutenant Beamer, and Lieutenant Snow.

Mr. Howard also asserts that Lt. Snow used excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Lieutenant Snow threatened to use a Taser on Mr. Howard, but Mr. Howard doesn't allege that the Taser was used. Rather, he was carried using a gurney. He hasn't stated a claim against Lieutenant Snow for excessive use of force.

For these reasons, the court:

(1) GRANTS Mark Howard, Jr. leave to proceed against Team Manager Angle, Lieutenant Beamer, and Lieutenant Snow in their individual capacities for

4

compensatory and punitive damages, for failing to protect him from inmate attacks occurring on November 1, 2019, and November 19, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Team Manager Angle, Lieutenant Beamer, and Lieutenant Snow at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if they have such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Team Manager Angle, Lieutenant Beamer, and Lieutenant Snow respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 29, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT