UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK HOWARD, JR.,

    Plaintiff,

    v.                              CAUSE NO. 3:21-CV-10-RLM-MGG

ANGLE, et al.,

    Defendants.

OPINION AND ORDER

Mark Howard, Jr., a prisoner without a lawyer, is proceeding in this case "against Team Manager Angle, Lieutenant Beamer, and Lieutenant Snow in their individual capacities for compensatory and punitive damages, for failing to protect him from inmate attacks occurring on November 1, 2019, and November 19, 2019, in violation of the Eighth Amendment[.]" ECF 7 at 4-5. The defendants moved for summary judgment, arguing Mr. Howard did not exhaust his administrative remedies before filing suit. Mr. Howard filed a response. The time for filing a reply has passed, so the motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners can't sue in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Id. at 1024. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was actually available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). If prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." Id. "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes

2

'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809. In deciding whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id.* at 812.

The defendants contend that Mr. Howard didn't submit any accepted formal grievances about the allegations in his complaint. The defendants provide evidence showing the following: Mr. Howard submitted Grievance 219944 on November 25, 2019, complaining that (1) he told Team Manager Angle his life was in danger but Team Manager Angle expressed no concern and refused to follow the protective custody protocols, and (2) Team Manager Angle refused to speak with him on a different occasion. The Grievance Specialist rejected Grievance 219944 on December 6 because it referenced two separate incidents, and told Mr. Howard he should resubmit one grievance for each incident. Mr. Howard submitted a new grievance on December 26, which the grievance office rejected as untimely. The defendants conclude that Mr. Howard didn't exhaust his administrative remedies before filing this case because the grievance office properly rejected his grievances.

Mr. Howard concedes he didn't complete the grievance process before filing this lawsuit. He argues he was denied access to the grievance process. Mr. Howard attests to the following: After the Grievance Specialist rejected Grievance 219944 on December 6, Mr. Howard corrected and resubmitted Grievance 219944 on December 7. Mr. Howard was then transferred to Wabash Correctional Facility on December

3

11. Mr. Howard spoke with a counselor at Wabash to ask about his December 7 grievance, and was told to wait for ten business days for all mail to catch up to his new address. Mr. Howard never received any response to his December 7 grievance, and submitted a new grievance on December 26, which was rejected as untimely.

The defendants haven't responded to Mr. Howard's attestations that he corrected and resubmitted Grievance 219944 on December 7 and received no response to the resubmitted grievance. Mr. Howard has provided undisputed evidence that the grievance office made the grievance process unavailable to him by not responding to a properly filed grievance. *See* Dole v. Chandler, 438 F.3d at 809. The defendants also argue that Mr. Howard didn't exhaust his claims against Lt. Beamer or Lt. Snow because the grievances only referred to Team Manager Angle. The grievance process didn't require Mr. Howard to name each party in his grievance. In Grievance 219944, Mr. Howard asserted he had been refused protective custody protocols after complaining his life was in danger, which put the prison on notice as to Mr. Howard's allegations that prison staff had failed to protect him from inmate attacks. *See* Maddox v. Love, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it).

The defendants haven't met their burden to show failure to exhaust. Mr. Howard has provided undisputed evidence the grievance process was unavailable to him. The court DENIES the defendants' summary judgment motion (ECF 20).

SO ORDERED on April 11, 2022

          /s/ Robert L. Miller, Jr.
Judge
United States District Court

5