UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK HOWARD, JR.,

    Plaintiff,

    v.                                      CAUSE NO. 3:21-CV-10-RLM-MGG

ANGLE, et al.,

    Defendants.

OPINION AND ORDER

The defendants seek reconsideration of the court's order denying their summary judgment motion. The court denied the defendants' summary judgment motion after concluding they didn't meet their burden to show Mark Howard, Jr., a prisoner without a lawyer, didn't exhaust his administrative remedies before filing suit. ECF 36.

In their summary judgment motion, the defendants argued Mr. Howard didn't exhaust his administrative remedies because he never submitted any accepted formal grievance regarding the allegations in his complaint. The defendants provided evidence that: (1) Mr. Howard submitted a grievance dated November 25, 2019, that the grievance office rejected for containing "multiple issues or events"; (2) Mr. Howard submitted a new grievance on December 26, 2019, that the grievance office rejected as untimely; and (3) the grievance office received a duplicate copy of Mr. Howard's November 25 grievance on January 6, 2020, and rejected the duplicate grievance as untimely. Mr. Howard responded that the grievance office denied him

access to the grievance process because he corrected and resubmitted his November 25 grievance on December 7, 2019, and the grievance office never responded to this corrected grievance. Mr. Howard attested his December 7 grievance remedied the deficiencies in his November 25 grievance and "was not a duplicate of any kind." The defendants didn't reply to Mr. Howard's attestation. In denying the defendants' summary judgment motion, the court concluded the defendants didn't meet their burden to show failure to exhaust because they didn't respond to Mr. Howard's attestation he submitted a non-duplicative grievance on December 7 and never received any response to that grievance.

The defendants' motion for reconsideration raises two arguments. First, the defendants argue there is a disputed fact whether Mr. Howard submitted a non-duplicative grievance on December 7; they believe the grievance Mr. Howard submitted on December 7 was an unmodified duplicate of his November 25 grievance. The defendants should have raised this argument in a reply to Mr. Howard's response to the summary judgment motion, not in a motion for reconsideration. Mr. Howard attested at the summary judgment stage that he submitted a non-duplicative grievance on December 7 and got no response from the grievance office. The defendants didn't reply to that attestation. None of the evidence the defendants provided with their summary judgment motion indicated that Mr. Howard submitted a grievance on December 7 that was rejected as duplicative of his November 25 grievance. The defendants now point to evidence in the record that they say disputes Mr. Howard's attestation, but it is too late for them to do so. *See* King v. Ford Motor

Co., 872 F.3d 833, 838–839 (7th Cir. 2017) (arguments that "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"); Publishers Resource v. Walker–Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion).

Second, the defendants renew their argument that Mr. Howard didn't exhaust his remedies because he didn't name each of the parties in his grievance. But the court already considered and rejected this argument in its order denying summary judgment. *See* ECF 36 at 4; Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996) (noting that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion").

The defendants haven't raised any argument that warrants reconsideration of the court's order denying their summary judgment motion. The court DENIES the motion to reconsider (ECF 40).

SO ORDERED on May 18, 2022

       /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT